## Goodis *v.* Stehle, Appellant.

*Judgments—Opening judgments—Warrant of attorney—Contracts
—Breach.*

On appeal from the refusal of the court below to open a judgment, it appeared that a judgment was entered on a warrant of attorney contained in an agreement in which defendant employed plaintiff as his agent to sell certain real estate, and agreed to pay him a stipulated commission.  The contract further provided that plaintiff's commission should become due upon violation of the agreement by defendant, or upon any sale, lease or exchange being consummated, and that plaintiff was authorized "to immediately enter up the confession of judgment as soon as the said sum became due and payable by reason of any of the contingencies herein contained." It was not shown that defendant had violated any of the terms of his agreement and no sale, lease or exchange of property was consummated.

Under such circumstances it was error for the court to refuse to open the judgment.

Plaintiff was not justified in having judgment confessed against defendant by warrant of attorney, because the latter refused to approve an agreement of sale which contained material provisions not stipulated in the contract of employment and not assented to by him.

Argued October 15, 1925.   Appeal No. 156, October T., 1925, by defendant, from judgment of C. P. No. 3 Philadelphia County, June T., 1924, No. 2496, in the case of M. H. Goodis v. A. Stehle, otherwise known as Adolph Stehle.  Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.  Reversed.

Rule to open judgment entered on a warrant of attorney.  Before McMICHAEL, J.

The facts are stated in the opinion of the Superior Court.

The court discharged the rule.  Defendant appealed.

*Error assigned* was the order of the court.

*Arthur Sellers,* for appellant.

*Benjamin H. Levintow,* for appellee.

OPINION BY KELLER, J., February 26, 1926:

Defendant appeals from the order of the court below refusing to open a judgment confessed by warrant of attorney, and let him into a defense.

The warrant of attorney was contained in a paper signed by defendant in which he employed plaintiff as his agent to sell certain real estate, and his garage business incident thereto, agreeing to pay the latter a commission of five per centum on the selling price, $31,000. This writing provided that plaintiff's commission should become immediately due and payable upon violation of the agreement by defendant or upon any sale, lease or exchange being consummated; and plaintiff was authorized "to immediately enter up the confession of judgment as soon as the said sum [became] due and payable by reason of any of the contingencies herein contained." No authority was given plaintiff to confess judgment against defendant unless he secured a purchaser in strict compliance with the terms of his employment or unless defendant violated his agreement by increasing the price, or by withdrawing said property and business from sale by plaintiff during the term of the agreement, or unless defendant sold the property and business to plaintiff or anyone else during the term of the agreement, or to anyone after termination of the agreement, if such purchaser was secured directly or indirectly by plaintiff.

It was not shown that defendant had violated any of the terms of his agreement entitling plaintiff to enter up the confession of judgment, and no sale, lease or exchange of the property and business was consummated. Plaintiff was not justified in having judgment confessed against defendant by warrant of attorney, because the latter refused to approve an agreement of sale which contained material provisions not stipulated in the contract of employment and not assented to by him.

The order is reversed, and the record remitted to

the court below with directions to make absolute the rule to open the judgment and let the defendant into a defense.